## YUKIO CHAI v. BONHAM.

### No. 11451.

Circuit Court of Appeals, Ninth Circuit.
Dec. 29, 1947.

C. A. Lirhus and Wettrick, Flood & O'Brien, all of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and John E. Belcher, Asst. U. S. Atty., both of Seattle, Wash. (John P. Boyd, Immigration and Naturalization Service, of Seattle, Wash., on the brief), for appellee.

Before S T E P H E N S, H E A L Y, and BONE, Circuit Judges.

PER CURIAM.

We have withheld disposition of this case pending decision in the Supreme Court of Delgadillo v. Carmichael, which has now been decided, 332 U.S. 388, 68 S.Ct. 10.

The facts on which appellant was ordered deported present an even flimsier case of "entry" than do those involved in Delgadillo v. Carmichael. Briefly, they are that appellant, a Japanese national, entered this country in 1907, remaining in the continental United States until 1934 when he went to Alaska as a seasonal employee of a Seattle cannery concern, to be returned to Seattle at the season's end. His transportation, both going and coming, was arranged by his employer. In returning from Alaska to Seattle the vessel on which he was transported made an unscheduled stop of three hours at Victoria, British Columbia. Appellant was below at the time and knew nothing either of the intention of the ship to leave United States waters or of the fact that it had done so. The vessel then proceeded to Seattle, where appellant disembarked. In 1941 a warrant was issued by the Department charging that he had been found in the United States in violation of the immigration laws. Deportation proceedings were had pursuant to the 1924 Act, 8 U.S.C.A. Ch. 6, on the ground that at the time of the alleged entry in 1934 he was not in possession of an unexpired immigration visa, was an alien ineligible to citizenship, and was not exempted by paragraph (c),

§ 13 of the Act, 8 U.S.C.A. § 213. Deportation having been ordered he sued for release on habeas corpus and the court below denied his petition.

On the authority of Delgadillo v. Carmichael, supra, the judgment is reversed with directions to discharge the petitioner.